**John H. FORD, Ill, Plaintiff–Appellant,**

**v.**

**Shaun FRAME; City of Columbus, Defendants–Appellees.**

No. 00–3679.

United States Court of Appeals, Sixth Circuit.

Jan. 26, 2001.

Before BOGGS and MOORE, Circuit Judges; COHN, District Judge.*

John H. Ford, III, an Ohio resident proceeding pro se, appeals a district court order and judgment granting summary judgment to the defendants in his employment discrimination action brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, and § 504 of the Rehabilitation Act of 1973. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ford, who has been employed by the City of Columbus's Division of Water, as a plant maintenance mechanic since November 1988, sued the city and his supervisor (Frame) for allegedly discriminating against him because of his handicap in violation of the ADA, the Rehabilitation Act, and Ohio Rev.Code Chapter 4112. In addition, he asserted that the defendants' actions constituted the state tort of intentional infliction of emotional distress. Ford alleged that the defendants refused to reasonably accommodate his physical handicap (herniated disc in his back, and torn cartilage in both knees) by permanently assigning him to the lighter preventive maintenance duties rather than requiring him to perform the full range of duties required as a plant maintenance mechanic. He sought compensatory damages, including back pay, front pay, benefits and prejudgment interest: and unspecified punitive damages. Ford exhausted his administrative remedies by initially filing a charge with the Equal Employment Opportunity Commission, which issued a right to sue letter on December 6, 1996.

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

The district court granted the defendants' motion for summary judgment in a memorandum and order filed on April 12 and entered on April 13, 2000. The district court found that Ford failed to establish a *prima facie* case of handicap discrimination under either the ADA or the Rehabilitation Act because, *inter alia,* he has not shown that he is disabled within the meaning of those acts. The district court further found that Frame was entitled to summary judgment because there is no individual liability for handicap discrimination in employment. Finally, the district court dismissed Ford's state law claims without prejudice because his federal claims were dismissed prior to trial. A separate judgment was entered the same day.

On appeal, Ford continues to argue that he has established a *prima facie* case of disability discrimination under the ADA and the Rehabilitation Act.

■■■ Upon review, we affirm the district court's judgment for the reasons stated in its accompanying memorandum and order. This court reviews a grant of summary judgment *de novo,* using the same test as that used by the district court. *Gaines v. Runyon,* 107 F.3d 1171, 1174 (6th Cir.1997). Thus, summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). "There is no issue for trial unless there is sufficient evidence in favor of the non-moving party for a jury to return a verdict for that party." *Gaines,* 107 F.3d at 1174.

■■■ Ford does not raise on appeal either the dismissal of his claim against his supervisor, Frame, or the dismissal without prejudice of his state law claims. Therefore, those issues are considered to be abandoned and are not reviewable. *See Enertech Elec., Inc. v. Mahoning County*

*Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). In any event, the district court properly dismissed those claims. This court has held that individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in either ADA cases, *Sullivan v. River Valley School Dist.,* 197 F.3d 804, 808 n. 1 (6th Cir.1999), *cert. denied,* 530 U.S. 1262, 120 S.Ct. 2718, 147 L.Ed.2d 983 (2000), or under the Rehabilitation Act. *Hiler v. Brown,* 177 F.3d 542, 546–47 (6th Cir.1999). In addition, district courts possess broad discretion in determining whether to retain supplemental jurisdiction over state claims once all federal claims are dismissed. *Street v. Corrections Corp. of America,* 102 F.3d 810, 818 (6th Cir.1996).

Moreover, the district court properly analyzed Ford's claims under the ADA and under § 504 of the Rehabilitation Act together. "By statute, the Americans with Disabilities Act standards apply in Rehabilitation Act cases alleging employment discrimination." *Burns v. City of Columbus,* 91 F.3d 836, 842 (6th Cir.1996) (citing 29 U.S.C. § 794(d)).

■■■ In order to establish a *prima facie* case of handicap discrimination based on a failure to accommodate, a plaintiff must show that: (1) he is an individual with a disability within the meaning of the Act; (2) he is otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; (3) his employer was aware of his disability; and (4) the employer failed to provide a reasonable and necessary accommodation for his disability. *See Smith v. Ameritech,* 129 F.3d 857, 866 (6th Cir.1997) (ADA); *Gaines,* 107 F.3d at 1175 (Rehabilitation Act). "Once the plaintiff has presented a *prima facie* case, the burden shifts to the employer to demonstrate that the employ-

ee cannot reasonably be accommodated, because the accommodation would impose an undue hardship on the operation of its programs." *Gaines,* 107 F.3d at 1175–76. "If the plaintiff fails to establish a *prima facie* case, it is unnecessary to address the question of reasonable accommodation." *Id.* at 1176.

■ Ford has failed to present a *prima facie* case of disability discrimination because he has failed to show that he is disabled within the meaning of the acts. "The ADA defines a disabled person as one who (1) has a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (2) has a record of such impairment, or (3) does not have an impairment, but is regarded as having one." *Sullivan,* 197 F.3d at 810. Working is one such major life activity. 29 C.F.R. § 1614.203(a)(3). It is undisputed that Ford suffers from back and knee problems, both of which have been treated. The issue is whether those problems rise to the level of a disability as defined. The district court did not err in holding, as a matter of law, that they do not.

Accordingly, the district court's judgment, entered on April 13, 2000, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.